OPINION. LeMere, Judge: Each of the petitioners claimed exemption from gross income to the extent of $300 per month of the stipend paid while in attendance at the Oak Eidge School of Eeactor Technology as a scholarship under the provisions of section 117 of the Internal Eevenue Code of 1954. The provisions of section 117 here pertinent are set forth in the margin.[2] At the outset, it is to be noted that in our Findings of Fact, we have adopted the specific stipulated facts, and after careful study of the various documentary exhibits stipulated, have extracted therefrom facts which, in our opinion, have a material bearing on the question presented. Section 117 is a new section which has no counterpart in the 1939 Code. It provides rules for determining the extent to which amounts received as scholarships and as fellowship grants are includible in gross income. The section first states the general rule that amounts received as scholarships or fellowship grants are excludible from gross income, and then prescribes specific rules for limiting the amounts which may be excluded. (Conference Committee Eeport on H.E. 8300.) In considering the question presented we think there can be no disagreement with the propositions that the AEC is an instrumentality or agency of the United States; that Orsort is one of its “activities,” and that Ornl is operated by Carbide, a private profit corporation under a contract with the AEC. Since the record establishes that petitioners were not candidates for a degree, they have the burden of showing that the conditions for exclusion provided for in subsection (a) (2) (A) of section 117 have been met. Petitioners base their claim for exclusion on the ground that the grantor of the scholarship was the AEC, an agency or instrumentality of the United States as those terms are used in the pertinent provisions of the statute in question. Unless the record supports the petitioners’ claim, and assuming without deciding, that the monthly stipends received by petitioners qualify as scholarships as defined in subsection (a) (1) (A) of section 117, we think petitioners have not shown that they are entitled to the benefits of the limited exclusion which the statute grants. The brief of the respective parties refers to no decisions of the courts bearing directly upon the issue here presented. However, this Court in the case of Robert W. Teskey, 30 T.C. 456, in connection with the application of section 116(a) (2) of the Internal Revenue Code of 1939, an exclusionary provision, considered the clause “amounts paid by the United States or an agency thereof.” In the belief that the rationale of the Teshey case might furnish support to the claim of these petitioners we have carefully reviewed the facts and the logic applied, and have concluded that the facts presented in the instant case are insufficient to justify us in holding the rationale of the Teshey case is applicable here. Although many of the facts presented in the case at bar parallel in many respects the facts involved in the Teshey case, there is here lacking material evidence which we think is essential to justify a holding that the Teshey case is a controlling authority. It is at once apparent that in the Teshey case, the terms of the agreement between the National Shipping Authority of the Maritime Administration, representing the United States, and the Pacific-Atlantic S.S. Co., a private corporation, were before the Court, enabling it to make a finding that Pacific-Atlantic was an agent of the United States and not an independent contractor. The record before us does not contain the agreement executed between the AEC and Carbide, nor do the stipulated facts set forth the substance of such agreement. In the absence of such material evidence, we are unable to make a finding of fact as to what the actual relationship was between them. In this posture of the record, we have no alternative except to conclude that petitioners have failed to carry their burden of showing that the conditions prescribed by section 117 of the 1954 Code have been met. The respondent’s determinations that the monthly stipends in controversy constitute compensation taxable under section 61(a) (1) of the 1954 Code are sustained. Decisions will be entered for the respondent. SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) General Rule. — In the case of an individual, gross income does not include— (1) any amount received— (A) as a scholarship at an educational institution (as defined in section 151(e) (4)), or (B) as a fellowship grant * * * [[Image here]] (b) Limitations.— (1) Individuals who are candidates for degrees. — * * * (2) Individuals who are not candidates for degrees. — In the case of an individual who is not a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall apply only if the condition in sub-paragraph (A) is satisfied and then only within the limitations provided in subpara-graph (B). (A) Conditions for exclusion. — The grantor of the scholarship or fellowship grant is * * *, the United States, or an instrumentality or agency thereof, * * * (B) Extent of exclusion. — The amount of the scholarship or fellowship grant excluded under subsection (a)(1) in any taxable year shall be limited to an amount equal to $300.00 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year * * *